BUCCANEER'S COVE, INC., Appellant,

v.

MAINLAND BANK, et al., Appellees.

No. 13–91–421–CV.

Court of Appeals of Texas,
Corpus Christi.

June 4, 1992.

Rehearing Overruled June 30, 1992.

Michael S. Tomasic, Houston, for appellant.

Charles M. Jordan, Barlow, Todd, Jordan & Oliver, Houston, Kerry Neves, Mills, Shirley, Eckel & Bassett, Galveston, for appellees.

Before NYE, C.J., and SEERDEN and BISSETT[1], JJ.

## OPINION

SEERDEN, Justice.

The trial court denied appellant's (Buccaneer) Motion for Summary Judgment and granted appellees' (Mainland and Lyons) Motions for Summary Judgment. Buccaneer appeals by two points of error. We affirm that part of the judgment denying Buccaneer Cove's motion for summary judgment and reverse and remand the summary judgment in favor of Mainland Bank.

Buccaneer contends in its two points of error that the trial court erred in 1) overruling its motion for summary judgment because the only competent summary judgment evidence established that Mainland and Lyons failed to pay Buccaneer the excess of the indebtedness owed at a foreclosure sale; and 2) the Court erred because the evidence on which Mainland and Lyons rely conflicts and is based upon affidavits which are not proper summary judgment evidence.

It is undisputed that Buccaneer defaulted on two notes in the total principal sum of $750,000. These notes were secured by deeds of trust on real property Buccaneer owned. Mainland was the holder of the notes and Lyons was appointed substitute trustee. Lyons sold the property at a foreclosure sale on August 6, 1985. At that time, the total amount due on the indebtedness was $925,578.76. On November 1, 1985, Lyons executed a Substitute Trustee's Deed to Mainland, which recited the

facts of foreclosure, that Lyons as Substitute Trustee under the Deed of Trust sold as an entirety the property for cash to the highest bidder, Mainland, at public auction for the consideration of $1,133,409.50.

In August, 1989, Buccaneer filed suit against Mainland alleging various causes of action and charging that they were entitled to $207,830.74, the difference between the amount the bank paid at the foreclosure sale and the amount owed on the notes. Thereafter, Lyons executed a correction deed on February 19, 1990, which recited that the consideration for the sale of the property to Mainland was $925,578.76.

In its Motions for Summary Judgment, Mainland presented affidavits from two bank employees, Richard Daigle, Vice President of Mainland, and T.G. Fitzgerald, Chairman of the Board of Mainland. Mainland additionally presented an affidavit and a supplemental affidavit by Lyons. Lyons states, in his affidavit of January 12, 1990, that the different amounts shown in the deeds were the result of an error, but he did not know how the error was made. In his supplemental affidavit, Lyons asserts that the different amounts set forth in the Substitute Trustee Deed were the result of a clerical error in his office and that Mainland did not bid or pay more than $925,578.76, the amount Buccaneer owed, for the property. He stated that Mainland did not bid or pay $1,133,409.50 for the property at the foreclosure sale.

When both parties move for summary judgment, each party must carry his own burden, and neither can prevail because of the failure of the other to discharge his own burden. *Federal Deposit Ins. Corp. v. Attayi*, 745 S.W.2d 939, 941 (Tex.App.—Houston [1st Dist.] 1988, no writ); *The Atrium v. Kenwin Shops of Crockett, Inc.*, 666 S.W.2d 315, 317 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Each being a movant, the burden is the same for both parties: to establish

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

entitlement to summary judgment by conclusively proving all the elements of the cause of action or defense as a matter of law. *Federal Deposit Ins. Corp.*, 745 S.W.2d at 941 (citing *Odeneal v. Van Horn*, 678 S.W.2d 941, 941 (Tex.1984)).

■ The recital of consideration in an instrument of conveyance is prima facie evidence of its amount and the payment thereof, and the burden of proof is on the party who controverts it. *Scaling v. Beggs*, 334 S.W.2d 209, 213 (Tex.Civ.App.—San Antonio 1960, writ ref'd n.r.e.).

Buccaneer submitted a deed as Summary Judgment evidence. The original Substitute Trustee's Deed of November 1, 1985, reflected that Lyons as Substitute Trustee under the Deed of Trust sold as an entirety the property for cash to the highest bidder, Mainland, at public auction for the consideration of $1,133,409.50.

■ Mainland and Lyons argue that the correction deed is a substitute for the original deed and therefore takes the place of and supersedes it. Generally, a correction deed relates back to the date of the agreement, which it purports to express more accurately. *Borden v. Hall*, 255 S.W.2d 920, 925 (Tex.Civ.App.—Beaumont 1951, writ ref'd n.r.e.). The true consideration for a deed may be shown by parol evidence to be different from that expressed in the deed. The admission of such testimony does not depend upon the existence of fraud, accident or mistake. However, this rule is based on the ground that proof of true consideration does not vary the instrument, but is consistent with the terms of the contract. *Hidalgo County v. Pate*, 443 S.W.2d 80, 87–88 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n.r.e.).

■ Buccaneer contends that the first deed of November 1, 1985, is prima facie evidence of consideration in the amount of $1,133,409.50. While, Mainland and Lyons are correct that the correction deed is a substitution, this does not destroy the original deed. Buccaneer's contention is also correct that the original deed is prima facie evidence of the truth of facts recited. At the same time, Mainland and Lyons' contention that the correction deed takes precedence over and in substitution of, the document that it seeks to correct, is also evidence of facts recited. Since we have two deeds that recite contrary evidence, there is a factual dispute.

The standards for reviewing a summary judgment are well established. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–549 (Tex.1985). Here, the existence of two deeds reciting different amounts of consideration creates a fact issue for the trier of fact to determine.

We sustain point of error two and overrule point one. We affirm that part of the judgment denying Buccaneer Cove's motion for summary judgment and reverse and remand the summary judgment in favor of Mainland Bank.