Garner v. Redmond


















NUMBER 13-02-00658-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

CHRISTOPHER LYNN GARNER,                                                Appellant,

v.

LORI K. REDMOND,                                                                      Appellee.
                                                                                                                       

On appeal from the 24th District Court of DeWitt County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Hinojosa

          Appellant, Christopher Lynn Garner, appeals from the trial court’s order denying his
motion for summary judgment and granting the motion for summary judgment of appellee,
Lori Redmond. We affirm.
A. Factual Background
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of our decision and the
basic reasons for it. Tex. R. App. P. 47.4.
          In 1994, appellant was charged with three counts of aggravated robbery. Pursuant
to a plea bargain agreement, he pleaded nolo contendere to the lesser-included offense
of robbery. The agreement provided for no affirmative finding of a deadly weapon. In
accordance with the plea agreement, appellant’s punishment was assessed at three
concurrent fifteen-year sentences in the Institutional Division of the Texas Department of
Criminal Justice.
          In 1998, appellant contacted appellee. Appellant asked appellee to represent him
before the Texas Board of Pardons and Paroles at a scheduled parole review hearing in
February 1999. Appellee agreed to represent appellant and did so at the hearing, the
outcome of which was unfavorable to appellant. Appellant subsequently requested that
appellee represent him at a second hearing in December 2000, and appellee did so with
similar results.
          After the first denial of appellant’s parole, appellee advised appellant by letter dated
July 13, 1999, that appellant was “doing time for a ‘3G’ offense whether [he] like[d] it or
not!”


 Appellee followed this letter with correspondence explaining that “the parole board
can and will consider everything.” Appellant then filed an application for writ of habeas
corpus with the court of criminal appeals because he believed the trial court had signed an
incorrect sentence. Because the trial court’s written order found appellant guilty of the
offense of robbery and did not contain an affirmative finding of the use of a weapon, the
court of criminal appeals denied the application.
          Appellant then sued appellee for legal malpractice. Appellant alleged that appellee
was guilty of malpractice because she had told appellant in her July 13, 1999 letter, that
he was incarcerated for a 3g offense. Appellant claimed that this “advice” forced him to
file the application for writ of habeas corpus in the court of criminal appeals.
          Appellee moved for summary judgment on the ground that appellant could not
establish causation as a matter of law. Appellant filed a motion for summary judgment,
asserting legal malpractice as a matter of law. The trial court granted appellee’s motion
and denied appellant’s motion. This appeal ensued.
B. Sole Proximate Cause Bar
          In his first issue, appellant contends the trial court erred in applying the sole
proximate cause bar established in Peeler v. Hughes & Luce, 909 S.W.2d 494 (Tex. 1995)
(plurality opinion), as a basis for granting summary judgment in appellee’s favor.
          We review the trial court’s granting of a motion for summary judgment de novo. 
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Branton v. Wood, 100 S.W.3d
645, 646 (Tex. App.–Corpus Christi 2003, no pet.). In a traditional motion for summary
judgment, the movant has the burden of showing that no genuine issue of material fact
exists and that he is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548-49 (Tex. 1985); see Tex. R. Civ. P. 166a(c). In deciding whether
there is a disputed material fact issue precluding summary judgment, all evidence
favorable to the nonmovant will be taken as true, and all reasonable inferences made and
all doubts resolved in the nonmovant’s favor. Am. Tobacco Co. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997).
          When both sides move for summary judgment and the trial court grants one motion
and denies the other, we review both motions for summary judgment, determine all
questions presented to the trial court, and render the judgment that the trial court should
have rendered. Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex.
2001). Each party must carry his burden of establishing that he is entitled to judgment as
a matter of law and neither may prevail because of the failure of the other to discharge his
burden. See Grain Dealers Mut. Ins. Co. v. McKee, 943 S.W.2d 455, 458 (Tex. 1997);
Buccaneer’s Cove, Inc. v. Mainland Bank, 831 S.W.2d 582, 583 (Tex. App.–Corpus Christi
1992, no writ).
          Here, the trial court granted appellee’s motion for summary judgment in accordance
with the supreme court’s holding in Peeler. The trial court’s summary judgment order
expressly provided, “A legal malpractice claim may not be maintained by a Criminal
Defendant against his attorney absent a showing that he has been exonerated from the
criminal conviction.” Thus, we limit our review to this ground. State Farm Fire & Cas. Co.
v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); Pena v. State Farm Lloyds, 980 S.W.2d 949,
953 (Tex. App.–Corpus Christi 1998, no pet.).
          In the Peeler case, the plaintiff pleaded guilty to a federal crime pursuant to a plea
agreement. Peeler, 909 S.W.2d at 496. She then sued her defense attorney for legal
malpractice because the attorney had not told her the prosecutor had offered her absolute
transactional immunity before she pleaded guilty. Id. The Texas Supreme Court held that
“as a matter of law, it is the illegal conduct rather than the negligence of a convict’s counsel
that is the cause in fact of any injuries flowing from the conviction, unless the conviction
has been overturned.” Id. at 498. The court reasoned that as a matter of public policy in
this State, “plaintiffs who have been convicted of a criminal offense may negate the sole
proximate cause bar to their claim for legal malpractice in connection with that conviction
only if they have been exonerated on direct appeal, through post-conviction relief, or
otherwise.” Id. at 497-98. Thus, because the plaintiff had not been exonerated, the court
held as a matter of law that her illegal acts remained the sole proximate and producing
causes of her indictment and conviction. Id. at 498.
          In the instant case, appellant asserts that Peeler does not apply because he is not
a criminal defendant bringing suit against his defense attorney. Appellant argues that as
a “convict client,” he formed an attorney-client relationship with a “non-defense lawyer.” 
This relationship was completely unrelated to his conviction since he hired appellee to
represent him before the parole board.
          However, appellant does not complain of appellee’s performance before the parole
board. Instead, appellant contends he suffered damages as a result of appellee’s
negligence in representing to him that he was incarcerated for a “3g offense.” Appellant
argues that this representation forced him to file the application for writ of habeas corpus
to correct a perceived error in his sentence. Appellant claims appellee’s negligence
harmed him because he is now unable to file additional applications for writ of habeas
corpus to challenge his conviction.
          We first note that appellant has never asserted he is not guilty of the offense for
which he was convicted. Further, appellant has not been exonerated from his conviction
on direct appeal, through post-conviction relief, or otherwise. Rather, the gravamen of
appellant’s claim is that because of appellee’s negligence, he has lost the ability to
challenge his conviction through post-conviction relief.
          As the nature of appellant’s complained-of injury relates to his conviction, we are
constrained by the holding in Peeler that “as a matter of law, it is the illegal conduct rather
than the negligence of a convict’s counsel that is the cause in fact of any injuries flowing
from the conviction, unless the conviction has been overturned.” Id. (emphasis added);
see, e.g., Barnum v. Munson, Munson, Pierce & Cardwell, P.C., 998 S.W.2d 284, 286
(Tex. App.–Dallas 1999, pet. denied) (applying Peeler to bar malpractice suit against
attorneys hired to represent defendant on appeal). We adhere to the public policy principle
emphasized in Peeler that “convicts may not shift the consequences of their crime to a third
party.” Peeler, 909 S.W.2d at 498; see, e.g., Golden v. McNeal, 78 S.W.3d 488, 492 (Tex.
App.–Houston [14th Dist.] 2002, pet. denied) (applying principle to bar action against
investigator). We construe appellant’s argument as an attempt to do just that.
          Therefore, on these facts, we conclude that because appellant’s damages were
suffered by reason of his own illegal conduct and he has not been exonerated from his
criminal conviction, he is barred from maintaining legal malpractice claims related to his
conviction as a matter of public policy. See Peeler, 909 S.W.2d at 497-98. Accordingly,
the trial court did not err in granting summary judgment on this ground. Appellant’s first
issue is overruled.
          In view of our disposition of appellant’s first issue, it is not necessary to address his
remaining issue. See Tex. R. App. P. 47.1.
          We affirm the trial court’s order granting appellee’s motion for summary judgment.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Dissenting Opinion by Justice Linda Reyna Yañez.

Memorandum Opinion delivered and filed this the
5th day of August, 2004.