NUMBER 13-04-138-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

THOMAS MULLENIX,                                                Appellant,

 

                                           v.

 

CELANESE LTD. AND CELANESE 

CORPUS CHRISTI TECHNICAL CENTER,                      Appellees.

 

 

 

                  On appeal from the 105th
District Court

                           of Nueces
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

              Before Justices Rodriguez,
Castillo, and Garza

                  Memorandum Opinion by Justice Castillo

 








The trial court
granted summary judgment in favor of appellees Celanese Ltd. and Celanese
Corpus Christi Technical Center ("Celanese") and denied appellant
Thomas Mullenix's competing motion for summary judgment.  By four issues, Mullenix challenges (1) the
order granting Celanese's objections to summary-judgment evidence, (2) summary
judgment on the breach of contract and promissory estoppel claims, and (3)
denial of his summary judgment.  We
affirm.

I.  BACKGROUND

Mullenix claimed, and
Celanese denied, that an oral contract of employment was created in August 2003
during an employee "town hall" meeting when Celanese notified its
employees of impending layoffs and offered a severance package.  The parties do not disagree that employment
was originally at will but disagree regarding whether Mullenix's at-will status
changed as Celanese communicated its plan to shut down the technical center
where Mullenix worked.  Mullenix sued Celanese
on theories of contract and promissory estoppel, seeking the severance package
never paid.  Celanese filed motions for
summary judgment asserting as grounds that Mullenix could not prove (1)
detrimental reliance, an essential element of his promissory estoppel claim,
and (2) an oral contract modifying the at-will employment relationship.








As to the
summary-judgment motion on the breach of contract claim, Celanese denied an
oral contract existed and asserted that Celanese's oral representations at the
employee information meeting in August 2003 regarding separation packages were
mere statements of future plans and expectations rather than legally
enforceable promises with definite, specific terms.  Celanese further asserted that no valid
consideration existed to support the alleged oral contract regarding separation
packages.  Finally, Celanese asserted
that, in the alternative, even if an oral contract existed based on Celanese's
statements at the August 2003 meeting, Mullenix agreed to a contractual
modification which eliminated any duty of Celanese to provide a separation
package.








Mullenix responded to
Celanese's summary-judgment motion addressing the contract claim and countered
with his own motion for summary judgment on traditional and no-evidence
grounds.  In his motion, Mullenix
asserted that an oral contract was formed because his summary-judgment evidence
demonstrated:  (1) on August 31 and
September 13, 2001, Celanese made an official announcement at a town hall meeting
or Employee Information Meeting ("EIM") that all Corpus Christi
Technical Center employees would be out of a job on December 31, 2001, however
if employees would agree to continue employment until December 31, 2001, they
would receive severance packages; (2) Celanese encouraged employees to seek
other employment immediately and assisted employees in seeking other work; (3)
Celanese stated it would consider requests for early release without loss of
the severance package on a case-by-case basis; (4) Mullenix found other
employment and requested, but was denied, early release and continued his
employment until December 31, 2001; (5) on October 29, 2001, Celanese
unequivocally repudiated the oral agreement by stating that the
"conditions had changed" for receiving a severance package due to
"business considerations;" and (6) Mullenix did not receive a
severance package even though he remained until December 31, 2001.  As no-evidence summary-judgment grounds,
Mullenix asserted that Celanese did not prove that a contract was not
formed.  Without stating the grounds, the
trial court granted Celanese's summary-judgment motion and denied Mullenix's
motion.  In the same order, the trial
court sustained Celanese's objections to Mullenix's summary-judgment evidence.  This appeal ensued.

II.  ISSUES ON APPEAL

Mullenix presents four
issues for review:  (1) whether the trial
court abused its discretion by sustaining Celanese's objections to
summary-judgment evidence; (2) whether the summary judgment on the contract
claim was proper; (3) whether the summary judgment on the promissory estoppel
claim was proper; and (4) whether denial of his cross-motion for summary
judgment was proper.  

III.  SUMMARY JUDGMENT ANALYSIS

                     A.  Summary-Judgment Standards of Review








On appeal, the
standard of review for the grant of a motion for summary judgment is
determined by whether the motion was brought on no-evidence or traditional
grounds.  Tex. R. Civ. P. 166a(i), (c); Ortega v. City Nat'l
Bank, 97 S.W.3d 765, 771 (Tex. App.BCorpus Christi 2003, no pet.) (op. on
reh'g).  The difference in relative burdens between the parties in
the two types of summary-judgment motions is significant.  Id. 
Determination of the nature of the motion for summary judgment under
analysis is critical.  Id.  Here, both parties brought traditional
motions for summary judgment.  See
Tex. R. Civ. P. 166a(c).  

The function of
summary judgment is to eliminate patently unmeritorious claims and
defenses, not to deprive litigants of the right to a jury trial.  Alaniz v. Hoyt, 105 S.W.3d
330, 344 (Tex. App.BCorpus Christi 2003,
no pet.).  In both traditional and
no-evidence summary-judgment motions, we review the evidence "in the light
most favorable to the nonmovant, disregarding all contrary evidence
and inferences."  See KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748
(Tex. 1999); Branton v. Wood, 100 S.W.3d 645, 646 (Tex. App.BCorpus Christi 2003,
no pet.).  The movant bears the burden of
showing both no genuine issue of material fact and entitlement to judgment as a
matter of law. Hoyt, 105 S.W.3d at 345.  When a summary-judgment order does not
specify the grounds on which it is based, we affirm the trial court's ruling if
any of the theories advanced in the motion are meritorious.  State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d
374, 380 (Tex. 1993). 








The non‑movant
has the burden to respond to a traditional summary‑judgment motion if the
movant conclusively:  (1) establishes
each element of its cause of action or defense; or (2) negates at least one
element of the non‑movant's cause of action or defense.  Hoyt, 105 S.W.3d at 345.  When: 
(1) both sides move for summary judgment, and (2) the trial court
grants one motion and denies the other, we review both parties'
summary-judgment evidence and determine all questions presented.  FM Props. Operating Co. v. City of Austin,
22 S.W.3d 868, 872 (Tex. 2000); Frost Nat'l Bank v. L & F Distribs.,
122 S.W.3d 922, 929 (Tex. App.BCorpus Christi 2003,
pet. filed).  Since
each party is a movant, the burden is the same for both:  to establish entitlement to summary
judgment by conclusively proving all the elements of the cause of
action or defense as a matter of law. 
Buccaneer's Cove, Inc. v. Mainland Bank, 831 S.W.2d 582, 583‑84
(Tex. App.BCorpus Christi 1992,
no writ).  Neither may prevail because of
the failure of the other to discharge its burden.  Id. at 584. When, as here, the only
issue both movants presented to the trial court was a question of law, we
render the judgment the trial court should have rendered if we reverse.  Tex.
R. App. P. 43.2(c); Jones v. Strauss, 745 S.W.2d 898, 900
(Tex. 1988).  Our review is de novo.  Ortega, 97 S.W.3d at 771.  

B.  The Law








In general, a contract
is legally binding only if its terms are sufficiently definite to enable a
court to understand the parties' obligations. 
Fort Worth Indep. Sch. Dist. v. City of Fort Worth, 22 S.W.3d
831, 846 (Tex. 2000).  As with all
contracts, the parties to an employment agreement must negotiate and agree to
its essential terms for the agreement to be enforced.  See Larson v. Family Violence & Sexual
Assault Prevention Ctr., 64 S.W.3d 506, 515 (Tex. App.BCorpus Christi 2001,
pet. denied); see also Smith v. SCI Mgmt. Corp., 29 S.W.3d 264, 268
(Tex. App.BHouston [14th Dist.]
2000, no pet.) ("We find that such a general discussion about an
employee's annual compensation does not raise a fact issue as to whether the
parties agreed to limit in a 'meaningful and special way' the employer's
prerogative to discharge the employee without cause.").  The terms of an oral contract must be definite,
certain, and clear as to all essential terms; or the contract will fail for
indefiniteness.  Meru v. Huerta,
136 S.W.3d 383, 390 (Tex. App.BCorpus Christi 2004,
no pet.).  Although Texas courts favor
validating contracts, courts may not create a contract where there is
none.  Kelly v. Rio Grande
Computerland Group, 128 S.W.3d 759, 766 (Tex. App.BEl Paso 2004, no
pet.).  Similarly, if an essential term
of employment is open for future negotiation, no binding contract is created.  Mann v. Trend Exploration Co., 934
S.W.2d 709, 713 (Tex. App.BEl Paso 1996, writ
denied). 








Parties have the power
to modify their contracts.  Hathaway
v. Gen. Mills, Inc., 711 S.W.2d 227, 228 (Tex. 1986).  A modification must satisfy the elements of a
contract:  a meeting of the minds
supported by consideration.  Id.  Whether a contract is modified depends on the
parties' intentions and is a question of fact. 
Id. at 228-29.  The burden
of proving modification rests on the party asserting the modification.  Id. at 229.  In employment at-will situations, either
party may impose modifications to the employment terms as a condition of
continued employment.  Id. The
party asserting the modification still must prove that the other party agreed
to modify the employment terms.  Id.  Generally, when the employer notifies an
employee of changes in employment terms, the employee must accept the new terms
or quit.  Id.  If the employee continues working with
knowledge of the changes, he has accepted the changes as a matter of law.  Id.  Thus, to prove a modification of an at-will
employment contract, the party asserting the modification must prove two
things: (1) notice of the change; and (2) acceptance of the change.  Id.  To have knowledge of a modification, the
employee must know the nature of the changes and the certainty of their
imposition.  Id.  If the employer proves that he has
unequivocably notified the employee of the changes, the employee's continuing
employment will constitute acceptance as a matter of law.  Id.  

C.  Celanese's Summary-Judgment Motion

As grounds in support
of its summary-judgment motion on the contract claim, Celanese asserted that,
even if there were an enforceable oral contract, which Celanese denies,
Mullenix agreed to a modification of that agreement that eliminated the
severance package.  Mullenix responded
that, on October 29, 2001, Celanese unequivocally repudiated the oral agreement
when it changed the conditions for receiving a severance package.  The change required employees selected for
the transition team, including Mullenix, to continue working on a temporary
basis for an uncertain amount of time. 
The employees would receive a severance package only after Celanese finally
released them.  The parties do not
dispute that Mullenix had notice of the change and continued working through
December 31, 2001, when he left for other work he acquired with the assistance
of Celanese's outplacement services.








Viewing the evidence
in the light most favorable to Mullenix and, thus assuming without deciding
that an oral agreement existed as to the terms and conditions for a severance
package, we conclude that the agreement was changed on October 29, 2001.  Mullenix had notice of the change.  Mullenix continued working with Celanese
under the terms and conditions effective as of that date until the date of his
separation.  The trial court could have
properly concluded that Celanese did not pay Mullenix the severance package
because he did not meet the requirements of the change, namely, that he
continue working on a temporary basis until Celanese released him.  Accordingly, the trial court could have
reasonably concluded that Mullenix breached the modified agreement and forfeited
the severance package.  On the other
hand, the trial court could have also properly concluded that Mullenix
unequivocally had notice of the modification of the oral agreement and, by
remaining in Celanese's employ, accepted the modification as a matter of
law.  Hathaway, 711 S.W.2d at
228.  Because he left on December 31,
2001, for other work and not under the modified terms, he forfeited his right
to the severance package.  Id.  








When a
summary-judgment order does not specify the grounds on which it is based, we
affirm the trial court's ruling if any of the theories advanced in the motion
are meritorious.  State Farm Fire
& Cas. Co., 858 S.W.2d at 380. 
We conclude that, in the light most favorable to Mullenix, Mullenix
accepted the terms of a modified oral agreement and did not meet the terms, as
modified.  We overrule the second issue
presented.  Because we affirm summary
judgment on a theory raised in the summary-judgment motion, we need not address
the first and third issues presented.  Tex. R. App. P. 47.1.  We now
turn to the merits of Mullenix's cross-motion for summary judgment as raised in
his fourth issue.  FM Props. Operating
Co., 22 S.W.3d at 872; Frost Nat'l Bank,
122 S.W.3d at 929. 

D.  Mullenix's Summary-Judgment Motion

In his fourth issue,
Mullenix asserts that the trial court improperly denied his summary-judgment
motion because Celanese admitted, by its alternate summary-judgment theory,
that an oral agreement existed to provide a severance package.  Thus, he argues, summary judgment in his
favor was proper.  In the light most
favorable to Celanese, as the non-movant, the trial court could have properly
denied Mullenix's summary-judgment motion on grounds that Mullenix did not comply
with the terms of the modified agreement, as we have already concluded.  Accordingly, the trial court properly denied
Mullenix's summary-judgment motion.  Hathaway,
711 S.W.2d 228-29.  We overrule
Mullenix's fourth issue.

IV.  CONCLUSION

We affirm the summary
judgment.  

 

ERRLINDA CASTILLO

Justice

 

 

Memorandum Opinion delivered and filed

this the 11th day of August, 2005.

 











[1] See Tex. R. App. P. 47.2, 47.4.