**Gregg N. HATHAWAY, et ux., Petitioners,**

v.

**GENERAL MILLS, INC., Respondent.**

**No. C–4481.**

Supreme Court of Texas.

April 23, 1986.

Rehearing Denied July 9, 1986.

Daniel J. Sheehan, Jr., Sheehan, Young, Smith & Culp, San Antonio, for petitioners.

Robert H. Mow, Jr., and Michael Braden, Carrington, Coleman, Sloman & Blumenthal, Dallas, for respondent.

SPEARS, Justice.

This employment contract case involves a dispute between a salesman and his former employer over commission rates. The issue on appeal is whether General Mills and Gregg N. Hathaway agreed to modify their employment at will contract to lower commission rates. The trial court rendered judgment for Hathaway based on jury findings that Hathaway did not accept the modification. The court of appeals reversed, 694 S.W.2d 96. We reverse the court of appeal's judgment and affirm the trial court's.

Hathaway began selling La Coste "Izod" shirts for General Mills on a commission basis in 1978. On January 21, 1980, Hathaway met with Stephen Berkley, General Mills' national sales manager, to discuss lowering Hathaway's 1980 commission rate. Their versions of the discussion differ. Berkley testified that he told Hathaway of a proposed new commission rate and that Hathaway "would either [have to] accept it or leave." Berkley also stated that Hathaway neither rejected nor disputed the lower rates. Hathaway testified that he disagreed with the rate change and

told Berkley that he "thought it was ridiculous." According to Hathaway, Berkley then told him to discuss the proposed new commission rate with Gary Duncan, Hathaway's regional sales manager in Dallas. Hathaway further testified that Duncan told him not to worry about the rate change and that Duncan would "take care of the situation."

Hathaway continued to work for General Mills. In February of 1980, General Mills sent Hathaway a letter proposal containing the new rates. Hathaway did not sign the letter. Hathaway testified that Duncan told Hathaway not to sign the letter and that Duncan would talk to Berkley about the rate changes.

After firing Hathaway in April, 1980, General Mills offered to pay him under the proposed new, lower commission rates for his work to that time. Hathaway sued for the old, higher commissions, alleging that he never accepted the new rates.

In its answers to special issues, the jury found that Hathaway never accepted or ratified the commission rate change, and that General Mills ratified Hathaway's refusal to accept the changes. Based on these findings, the trial court rendered judgment for Hathaway for $106,042 in commissions plus pre-judgment interest and attorney's fees. The court of appeals reversed, holding that Hathaway accepted the lower rates as a matter of law by continuing to work for General Mills knowing of the changed rates.

Hathaway argues that General Mills did not clearly notify him of the rate changes and, therefore, he did not accept the modification as a matter of law by remaining with General Mills. We agree.

Parties have the power to modify their contracts. A modification must satisfy the elements of a contract: a meeting of the minds supported by consideration. *Rhoads Drilling Co. v. Allred*, 123 Tex. 229, 70 S.W.2d 576, 583 (1934); *Mandril v. Kasishke*, 620 S.W.2d 238 (Tex.Civ.App.— Amarillo 1981, writ ref'd n.r.e.). Whether a contract is modified depends on the par-

ties' intentions and is a question of fact. *Coastal Plains Development Corp. v. Tech-Can Corp.*, 531 S.W.2d 143 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). The burden of proving modification rests on the party asserting the modification. *Stower v. Harper*, 376 S.W.2d 34 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r. e.).

■ In employment at will situations, either party may impose modifications to the employment terms as a condition of continued employment. *L.G. Balfour Co. v. Brown*, 110 S.W.2d 104, 107 (Tex.Civ. App.—Fort Worth 1937, no writ). The party asserting the modification still must prove that the other party agreed to modify the employment terms. Generally, when the employer notifies an employee of changes in employment terms, the employee must accept the new terms or quit. If the employee continues working with knowledge of the changes, he has accepted the changes as a matter of law. *Balfour*, 110 S.W.2d at 107. Thus, to prove a modification of an at will employment contract, the party asserting the modification must prove two things: (1) notice of the change; and, (2) acceptance of the change.

■ To prove notice, an employer asserting a modification must prove that he unequivocally notified the employee of definite changes in employment terms. *Stowers v. Harper*, 376 S.W.2d 34, 39 (Tex.Civ. App.—Tyler 1964, writ ref'd n.r.e.). Cases dealing with employment modifications require that the employee have knowledge of the proposed modification. *Id.* at 39. *See also Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn.1983) (employee *with knowledge* of changes accepts by retaining employment); *Sterba v. Blaser*, 33 Ill. App.3d 1, 337 N.E.2d 410, 416 (1975) (same); *Gishen v. Dura Corp.*, 362 Mass. 177, 285 N.E.2d 117, 121 (1972) (same). Fairness also dictates this rule. To have knowledge of a modification, the employee must know the nature of the changes and the certainty of their imposition. *Stowers*, 364 S.W.2d at 39.

■ The employer asserting a modification must also prove that the employee accepted the proposed changes. If the employer proves that he has unequivocally notified the employee of the changes, the employee's continuing employment will constitute acceptance as a matter of law. *Balfour*, 110 S.W.2d at 107.

The court of appeals held that Hathaway accepted the modification as a matter of law by remaining with General Mills. The court of appeals, however, ignored the fact that no issue on notification was submitted or requested. We must deem notification in support of the trial court's judgment for Hathaway unless notification was conclusively proven. Tex.R.Civ.P. 279.

■ General Mills did not conclusively prove unequivocal notification. Although the versions differ, Hathaway testified that Berkley told him to discuss the changes with Duncan. Hathaway further testified that Duncan, Hathaway's superior, told him that Duncan would take care of the problem. Further, General Mills sent Hathaway a letter containing the new rates, and Duncan again told Hathaway not to worry and that Duncan would take care of it. These conflicting signals from General Mills' managers make unequivocal notification a jury question.

■ Because General Mills did not conclusively prove or request an issue on notification, we must deem this element in support of the judgment and against unequivocal notification. TEX.R.CIV.P. 279. Without proof of unequivocal notification, Hathaway's continued employment under protest did not equal acceptance as a matter of law. Therefore, the court of appeals erred in setting aside the jury's answer that Hathaway did not accept the modification.

Because a contract modification was not proven, Hathaway is entitled to payment at the previous contract rate as determined in the trial court's judgment. *See Stowers*, 376 S.W.2d at 39. We reverse the judgment of the court of appeals and affirm that of the trial court.