TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00091-CV







Spiller Boswell, Appellant




v.




James E. Gottesman, d/b/a J. Gottesman Ranch, Appellee








FROM THE DISTRICT COURT OF McCULLOCH COUNTY, 198TH JUDICIAL DISTRICT


NO. 1997062, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING








 Spiller Boswell and James E. Gottesman, d/b/a Gottesman Ranch ("Gottesman")
entered an oral contract in October 1993 for Gottesman to board and breed Boswell's emus. 
Although Gottesman continued to board and breed the birds until March 26, 1997, Boswell only
paid for the first year of boarding. After attempting to obtain payment, Gottesman sued Boswell. 
Following a bench trial, the district court rendered judgment for Gottesman and signed findings
of fact and conclusions of law in support of the judgment. Boswell appeals contending his
performance was excused because Gottesman breached the contract by failing to send quarterly
bills. We will affirm.


Factual Background


 The parties vigorously dispute the facts. According to Gottesman, he and Boswell
orally agreed in October of 1993 that Gottesman would board and breed Boswell's birds for a
daily boarding fee and a percentage of the hatched chicks. According to Boswell, the agreement
was for Gottesman to receive only a percentage of the offspring, with no daily boarding fees. 
Gottesman began boarding Boswell's birds in October 1993. 

 In October 1994, Gottesman sent Boswell a bill for the birds' boarding from
February through October. (1) In addition to sending the bill, Gottesman informed Boswell by letter
that the daily boarding fees would begin accruing throughout the year, including the breeding
season, that the $1.00 per day for chicks would increase to $1.50 when the chicks were two years-old, and that he would begin billing Boswell quarterly. Boswell neither objected nor agreed to
the terms of the October 1994 letter. Boswell testified that although he disputed the daily
boarding fees when he received the bill, he paid it because he believed he had to pay since
Gottesman had possession of the birds. In spite of his letter, Gottesman never sent quarterly bills.

 Boswell testified that by December 1994 he wanted out of the emu business. 
Boswell claimed that he told Gottesman's ranch foreman, Al Kamradt, that Gottesman could
"have the birds, shoot them, eat them, whatever he wants to," and that Boswell would retrieve
his chicks in January 1995. Kamradt testified that Boswell never made such an offer to him. 
Boswell removed his emu chicks from Gottesman's ranch in January 1995. Boswell testified that
when he did not receive a bill in early 1995, he believed Gottesman had accepted his offer of his
adult birds. 

 In September 1996, Gottesman sent Boswell a bill for calendar year 1995, and in
November 1996, he sent a bill for calendar year 1996. Boswell refused to pay, asserting that he
had given his birds to Gottesman almost two years before. Although he claimed he no longer
owned the birds, Boswell offered the birds in lieu of paying the bills. Gottesman conferred with
Kamradt, who denied that Boswell had previously offered Gottesman his birds. Gottesman then
notified Boswell by letter that he would not now accept Boswell's birds in lieu of payment and that
the bills needed to be paid. After unsuccessfully attempting to collect, Gottesman eventually sold
the birds at auction, credited the amounts to Boswell's account and brought this suit for the
balance. 


Discussion


 The trial court, as the trier of fact, is the exclusive judge of the facts proved, the
credibility of the witnesses and the weight to be given their testimony. Stable Energy, L.P. v.
Newberry, 999 S.W.2d 538, 555 (Tex. App.--Austin 1999, pet. denied). The district court
concluded that a contract existed between the parties pursuant to the terms described by
Gottesman. In assessing the credibility of the witnesses, the district court gave more weight to
Kamradt's testimony and impliedly found that Boswell never offered his adult birds to Gottesman
in December 1994. As the reviewing court, we do not pass upon the credibility of the witnesses
nor do we substitute our judgment for that of the trier of fact even if there is conflicting evidence
upon which a different conclusion could be supported. International Freight Forwarding, Inc.
v. American Flange, 993 S.W.2d 262, 268 (Tex. App.--San Antonio 1999, no pet.). Accordingly,
Boswell's only remaining argument is that the October 1994 letter from Gottesman stating he
would begin billing quarterly was a modification of their original agreement, which Gottesman
breached by not sending quarterly bills. Therefore, Boswell argues, Gottesman should be
estopped from claiming damages beyond January 31, 1995, the date Gottesman breached the
contract by not sending the first quarterly bill. (2) We disagree. 

 Whether a contract is modified depends on the parties' intentions and is a question
of fact. Hathaway v. General Mills, Inc., 711 S.W.2d 227, 228-29 (Tex. 1986). As stated
above, the district court found that a contract existed. Having further concluded that Boswell
breached the contract, the district court impliedly found that Gottesman's letter indicating he
would begin billing Boswell quarterly was a gratuitous statement, ancillary to the true purpose of
the contract, that did not substantially alter the parties' agreement. The evidence in the record
supports the district court's implied finding. Neither party testified that the method of billing was
a part of the original agreement. Gottesman's letter constitutes no more than a statement of his
intentions regarding future invoices. It does not constitute a substantial alteration to their
agreement. Accordingly, Boswell has not shown that the original agreement was modified. See
Ghidoni v. Stone Oak, Inc., 966 S.W.2d 573, 581 (Tex. App.--San Antonio 1998, pet. denied)
(party asserting modification bears burden of proof of modification). We overrule Boswell's sole
issue and affirm the district-court judgment. 



 


 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: January 21, 2000

Do Not Publish

1. Gottesman testified that he did not charge Boswell for the laying season, October through
January. 
2. January 31, 1995 would have been the date for the first quarterly bill after the October 1994
letter representing that he would send quarterly bills. 


man had accepted his offer of his
adult birds. 

 In September 1996, Gottesman