# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2010

No. 10-20130
Summary Calendar

Lyle W. Cayce
Clerk

J. PATRICK LINDSEY,

Plaintiff–Appellant,

v.

DYNCORP INTERNATIONAL, L.L.C.,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-700

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

J. Patrick Lindsey appeals the district court's grant of summary judgment on his breach of contract claims.  We affirm.

**I**

Lindsey entered into an employment contract with DynCorp International LLC to work in Iraq as a longbow crew trainer.  The contract was for a term of eight months, but it allowed either party to terminate the agreement without

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cause.   It provided that, if DynCorp terminated the contract prematurely without cause, Lindsey was entitled to a pro-rated completion bonus, payment of accrued annual leave, and return transportation.  If Lindsey terminated the contract early, he was responsible for his own transportation costs and forfeited his completion bonus.  The parties both stipulated that this was an at-will employment agreement.

The contract stated that DynCorp would pay Lindsey $4,063.66 every two weeks, resulting in an annualized salary of $105,655.16.  After Lindsey had begun work in Iraq, DynCorp discovered that it had made a mistake and changed Lindsey's salary terms to an hourly wage of $24.90 an hour, resulting in about $51,792 annually.  DynCorp allowed Lindsey to keep the previous wages he had received under the higher salary, but then reduced his salary for the subsequent paychecks.  Lindsey continued working after DynCorp reduced his salary and completed the eight-month contract period.

Lindsey sued in Texas state court, asserting a claim for fraud and misrepresentation.  The case was removed to federal court based on diversity jurisdiction.  Lindsey subsequently amended his complaint to assert only a breach of contract claim.  The district court granted summary judgment on this claim, and Lindsey now appeals.

## II

We review the grant of a motion for summary judgment de novo, applying the same standard as the district court.[1]  We view the evidence in the light most favorable to the non-moving party and avoid credibility determinations and weighing of the evidence.[2]  Summary judgment is appropriate when the competent summary judgment evidence demonstrates that there are no genuine

---

[1] *Threadgill v. Prudential Sec. Grp., Inc.*, 145 F.3d 286, 292 (5th Cir. 1998).

[2] *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002).

issues of material fact and the moving party is entitled to judgment as a matter of law.[3]  An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant.[4]

## III

The district court determined that the change in Lindsey's pay was an enforceable contract modification under Texas law.  Lindsey argues that issues of material fact preclude summary judgment on this issue.

The parties do not dispute that Texas law applies to the contract claim. Under Texas law, either party may impose modifications to the employment terms of an at-will employment contract as a condition of continued employment.[5]  "The party asserting the modification still must prove that the other party agreed to modify the employment terms."[6]  Specifically, the party must prove: (1) notice of the change, and (2) acceptance of the change.[7] Generally "an employee must accept the new terms or quit," and if he "continues working with knowledge of the changes, he has accepted the changes as a matter of law."[8]

The issue here is whether Lindsey received notice of the change, since if he received notice, his continued employment with DynCorp constitutes acceptance as a matter of law.[9]  To prove notice, the employer "must prove that he unequivocally notified the employee of definite changes in employment

---

[3] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[5] *Hathaway v. Gen. Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986).

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *See id.*

terms."[10]    "[T]he employee must know the nature of the changes and the certainty of their imposition."[11]

The record reflects that Lindsey was unequivocally notified of the modification to his employment agreement.  DynCorp provided an affidavit by Dean Crawford, the Vice President of Human Resources for DynCorp, stating that "representatives from DI's Staffing organization notified Lindsey of the mistake shortly after presenting him the original [contract] in January 2007 and sent him an amended first page to the Agreement stating the modified salary." Lindsey does not dispute that he received this page and concedes that DynCorp advised him of a contract adjustment.  In addition, Lindsey does not dispute that his subsequent pay stubs reflected the change to the terms of his salary. Accordingly, it is clear from the record that DynCorp properly notified Lindsey of the pay modification.

Lindsey's continued employment with DynCorp after the modification constituted acceptance of that modification.[12]    Thus, the modification is enforceable.  Because it is undisputed that DynCorp paid Lindsey the full amount it owed him under the modified contract, Lindsey's breach of contract claim fails as a matter of law.

*    *    *

For the foregoing reasons, we AFFIRM.

---

[10] *Id.*

[11] *Id.*

[12] *See id.*

4