# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 1, 2013

No. 12-40467

Lyle W. Cayce
Clerk

BARBARA ALLAMON,

Plaintiff–Appellant

v.

ACUITY SPECIALTY PRODUCTS, INCORPORATED; ZEP, INCORPORATED; ROSS HARDING,

Defendants–Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-00294

Before WIENER, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Barbara Allamon ("Allamon") appeals from the dismissal on summary judgment of her suit against Defendants–Appellees (collectively, "Zep") for breach of her employment contract with Zep. We agree with the district court that there was no breach because Zep modified the disputed term of Allamon's at-will employment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40467

Even if Allamon's evidence were admissible, the oral promise of employment "as long as she's able and performance is satisfactory" is too general and equivocal to rebut the strong Texas presumption of at-will employment.[1] Neither are we persuaded by Allamon's contention that the worker's compensation backdrop to this case weakens the requirement that, to vitiate the presumption of at-will employment, Zep had to "unequivocally indicate a definite intent to be bound not to terminate [her] except under clearly specified circumstances."[2] And, in the absence of any enforceable "original agreement," Allamon's mutual-mistake argument would fail even if she had preserved it in the district court.[3]

Because Allamon was employed at-will, Zep could "impose modifications to the employment terms as a condition of continued employment."[4] The summary judgment record conclusively establishes that (1) Allamon and Zep jointly amended the terms of her employment in response to her employer's "Hot Sauce" program, and (2) Allamon continued to work for Zep after receiving unequivocal notification that her previously exclusive client lists would be shared with the inside sales team.[5] Accordingly, the exclusivity provision was modified, not breached. Indeed, summary judgment in favor of Zep was warranted on this basis alone. And, like the district court, we need not and

---

[1] *See Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998).

[2] *Id.*

[3] *See Technical Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 408 (5th Cir. 2012).

[4] *Hathaway v. Gen. Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986).

[5] *See id.* ("If the employer proves that he has unequivocally notified the employee of the changes, the employee's continuing employment will constitute acceptance as a matter of law.").

No. 12-40467

therefore do not address the effect of the later written settlement which superseded all prior agreements.

AFFIRMED.