IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————

No. 19-40075
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2019

Lyle W. Cayce
Clerk

GILBERT GALAN, JR.,

      Plaintiff - Appellant

v.

VALERO SERVICES, INCORPORATED; VALERO ENERGY
CORPORATION,

      Defendants - Appellees

————

Appeal from the United States District Court
Southern District of Texas
USDC No. 2:17-CV-256

————

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

      Gilbert Galan, Jr. sued Valero Services, Inc., for failing to pay overtime. Valero responded by invoking a mandatory arbitration clause covering claims by its employees. Galan contended that he lacked notice of the arbitration requirement. So the district court had a jury decide whether Galan had

————

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40075

sufficient notice of the arbitration requirement.  The jury found that he did. We AFFIRM.

## I.

Valero adopted a new workplace dispute resolution program in 2002, eight years after Galan began working for Valero and fifteen years before his employment ended.  Under that program, called "Dialogue," Valero required employees to resolve employment disputes through arbitration.  A Texas employer may impose mandatory arbitration upon at-will employees as a condition of future employment if the employees have "unequivocal[]" notice of the change and continue their employment.  *See Hathaway v. Gen. Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986).

At trial, Galan testified that he lacked notice of the arbitration requirement.  He admitted that he knew a program called "Dialogue" existed, but thought it was a program for addressing interpersonal conflict, preventing workplace violence, or helping depressed employees.

Valero produced evidence showing that it notified employees about the arbitration provision in the following ways: it (1) mailed a brochure to all employees that detailed the Dialogue program and the arbitration requirement; (2) referred to the Dialogue program in its employee guide, which was distributed to all employees; (3) posted a description of the program on its internal website, which employees could access from their home pages by clicking a link titled "Dialogue Dispute Resolution Program"; and (4) placed posters describing the program throughout Galan's workplace.

After Valero presented its evidence, Galan moved for judgment as a matter of law, which the district court denied.

The jury charge asked whether the jury "Valero prove[d] by a preponderance of the evidence that it gave unequivocal notice to Gilbert Galan, Jr. of definite changes in employment terms regarding Valero's Dialogue

2

No. 19-40075

program[.]"  Galan sought more specificity, objecting to the absence of the word "arbitration," but the district court did not add that word.  The instructions elsewhere told the jury that the "sole issue in this trial is whether Defendant[] Valero . . . notified plaintiff of the arbitration program and its mandatory nature."  The jury answered "yes" to the special interrogatory asking if Galan had unequivocal notice.

Following the verdict, Galan renewed his motion for judgment as a matter of law and alternatively moved for a new trial. The district court denied both motions.  On appeal, Galan challenges the jury instructions, sufficiency of the evidence, and refusal to grant him a new trial.

## II.

We review challenged jury instructions for abuse of discretion.  *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011).  Reversal is appropriate if the district court denied a requested instruction that "(1) was a substantially correct statement of the law, (2) was not substantially covered in the charge as a whole, and (3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the defendant's ability to present a given defense."  *Cooper Indus., Inc. v. Tarmac Roofing Sys. Inc.*, 276 F.3d 704, 714 (5th Cir. 2002).  We read the jury instructions "as a whole and in conjunction with" the entire charge.  *Dreiling v. Gen. Elec. Co.*, 511 F.2d 768, 774 (5th Cir. 1975).

The district court did not abuse its discretion in declining to mention "arbitration" in the special interrogatory.  Galan's argument is that the special interrogatory did not ask the correct question because it inquired only whether he had unequivocal notice of Valero's "Dialogue Program"; it did not focus on notice of the program's arbitration requirement.  His point is that the jury could have concluded Galan knew about the Dialogue Program as a whole, but not the part of it requiring arbitration.  The problem with this argument is that

3

No. 19-40075

the instructions as whole, not to mention the entire trial, made clear that the disputed issue was notice of the arbitration provision.  Eliminating any doubt, the court told the jury that the "sole issue in this trial is whether Defendant[] Valero . . . notified plaintiff of the arbitration program and its mandatory nature."  The court therefore did not abuse its discretion in denying Galan's requested modification to the jury question.

## III.

Judgment as a matter of law is appropriate when a reasonable jury could not find for the nonmovant.  FED. R. CIV. P. 50(a).  We review a denial of a motion for judgment as a matter of law *de novo*.  *Seibert v. Jackson Cty.*, 851 F.3d 430, 434−35 (5th Cir. 2017).  But as the trial court must do when deciding such a motion, we view the evidence in the light most favorable to the verdict.  *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838–39 (5th Cir. 2004).

The record contains ample evidence supporting the jury's finding that Galan had unequivocal notice of Valero's mandatory arbitration program.  Valero produced evidence that it mailed brochures, provided employees access to guides and websites, and hung posters around Galan's workplace.  Galan's argument that there is no direct evidence he received notice via the mailing or other various methods neglects that a fact may be proven circumstantially and that the jury determines facts and draws inferences in the face of competing evidence.

## IV.

Under Texas law, a motion for a new trial should be granted for "good cause."  TEX. R. CIV. P. 320; *In re Bent*, 487 S.W.3d 170, 175−78 (Tex. 2016) (reviewing cases); *see also Foradori v. Harris*, 523 F.3d 477, 497−98 (5th Cir. 2008) (holding that state law determines whether a motion for a new trial

No. 19-40075

should be granted in a diversity action).  We review a district court's denial of a motion for a new trial for abuse of discretion.  *Id.* at 497.

Galan asserts the same arguments in seeking a new trial as he does for reversing the district court's other rulings.  The court did not abuse its discretion in declining to grant a new trial based on these unsuccessful claims.

\* \* \*

The judgment is AFFIRMED.