**AFFIRMED and Opinion Filed December 30, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01150-CV**

**ANNELLE R. JOHNSON, M.D., Appellant**
**V.**
**SHERMAN MD PROVIDER, INC., Appellee**

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-17-1541**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Carlyle, and Justice Browning
Opinion by Justice Browning

Annelle R. Johnson, M.D.'s December 17, 2020 motion for rehearing is denied. On the Court's own motion, we withdraw our opinion issued December 2, 2020 and vacate our judgment of that date. The following is now the opinion of the Court.

Annelle R. Johnson, M.D., appeals the trial court's judgment in favor of Sherman MD Provider, Inc. on Sherman's breach of contract claim. In five issues, Johnson argues that Sherman's cause of action is barred by the Covenants Not to Compete Act, that the contractual agreement alleged by Sherman was not supported

by valid consideration, that Sherman failed to prove the elements of offer and acceptance, that Johnson has been harmed by the trial court's failure to file findings of fact and conclusions of law, and that the trial court should not have rendered judgment against Johnson for appellate attorney's fees. We affirm the trial court's judgment.

In September 2017, Sherman filed its original petition alleging the following facts: Sherman and Johnson entered into a physician employment agreement In January 2015, under which Johnson would provide professional medical and administrative services for Sherman. Section 8.2 of the employment agreement contained a covenant not to compete. Section 8.3.2 provided the following buy-out provision:

> 8.3.2 Buy-Out Option. Provider may be released from the noncompetition provisions contained in Section 8.2 upon payment to Company of the Buy-Out Price prior to a breach by Provider. If Provider wishes to exercise the Buy-Out Option, Provider shall provide Company with a written notice of intent to exercise the Buy-Out Option. As consideration for the Company's agreement to release Provider from the non-competition provisions of Section 8.2, Provider shall pay Company an amount equal to the Provider's gross compensation from Company (as determined by W-2) for the twelve month period immediately preceding the last date of employment or, if Provider is employed with Company for less than twelve (12) months, an amount equal to Provider's average monthly compensation times twelve (12). Such amount shall be paid by Provider to Company in full no later than five (5) business days following the date Provider gives notice of intent to exercise the Buy-Out Option. Provider hereby agrees and acknowledges that the Buy-Out Price is a fair and reasonable method for Company's agreement to release Provider from the non-competition provision of this Agreement and it is intended to fairly compensate Company for lost revenues and other damages to

–2–

> Company's business that would occur if Provider were allowed to compete with Company in the Prohibited Territory.

In early 2017, Sherman was negotiating an asset purchase and sale agreement under which Baylor Scott & White Health Texas Provider Network (Baylor) would purchase Johnson's family practice group from Sherman. On February 14, 2017, Johnson gave Sherman notice that she intended to terminate the employment agreement, effective June 15, 2017. Because Johnson was entering into an employment relationship with Baylor, she wanted to extend the term of the employment agreement and exercise her right under the buy-out option. As a result, on June 2, 2017, Sherman and Johnson entered into a second amendment to the employment agreement under which Johnson exercised the buy-out option, with full payment of $104,650 due the earlier of September 15, 2017, or the date of the closing of the Baylor transaction. Sherman's petition alleged Johnson breached the second amendment by failing to pay the $104, 650.

At a bench trial in May 2019, Johnson testified she signed the second amendment and read and understood it before she signed it. Johnson testified she understood that the second amendment deleted the termination without cause provision contained in her original contract. Johnson agreed that the second amendment constituted written notice of her exercise of the buyout provision under section 8.3.2 of her employment agreement. Johnson also testified she understood the buy-out provision required her to give written notice and pay the buy-out price within five days of giving notice, but that the second amendment provided her

"approximately or close to 90 days of time to pay the buyout." Johnson further testified she signed the second amendment "a couple of weeks after" she signed her contract with Baylor. Under her contract with Baylor, Johnson would have received a $50,000 salary advance and a $30,000 signing bonus when she began her employment with Baylor on September 18. The evidence further indicated that, on September 12, Johnson told a Sherman representative that she "was not going to go forward with entering into practice with Baylor." One or two days later, the Sherman representative asked Johnson to pay the buy-out, but Johnson refused.

On August 2, 2019, the trial court entered judgment awarding Sherman attorney's fees and $104,650 in actual damages. This appeal followed.

In her first issue, Johnson argues "Sherman's cause of action is barred by the Covenants Not to Compete Act, which preempts all remedies not included in the Act for actions to enforce covenants not to compete." In making this argument, Johnson characterizes Sherman's cause of action as "an action to enforce a covenant not to compete."

Our review of the record shows the underlying case was based on Sherman's breach of contract claims and was not an action to enforce a covenant not to compete. Sherman's claims against Johnson focused on Johnson's breach of the second amendment to the employment contract. There is no evidence in the record that Johnson attempted to compete with Sherman or that Sherman sought to prevent

–4–

Johnson from competing. Under these circumstances, we conclude Johnson's first issue lacks merit.

In her second issue, Johnson argues the second amendment was not supported by consideration. A modification to a contract must itself be supported by consideration to be valid. *Dupree v. Boniuk Interests, Ltd.*, 472 S.W.3d 355, 367–68 (Tex. App.—Houston [1st Dist.] 2015, no pet.*); see Hathaway v. Gen. Mills, Inc.*, 711 S.W.2d 227, 228 (Tex. 1986) ("Parties have the power to modify their contracts. A modification must satisfy the elements of a contract: a meeting of the minds supported by consideration."). Consideration may consist of a benefit that accrues to one party, or, alternatively, a detriment incurred by the other party. *Walden v. Affiliated Computer Servs., Inc.*, 97 S.W.3d 303, 315 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *see Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991) ("Consideration is a present exchange bargained for in return for a promise. It consists of either a benefit to the promisor or a detriment to the promisee. The detriment must induce the making of the promise, and the promise must induce the incurring of the detriment."). A promise to fulfill a pre-existing obligation cannot serve as new consideration for an amendment to a contract. *Walden*, 97 S.W.3d at 319.

Johnson argues that, because the second amendment imposed no new obligations regarding release of the covenant not to compete, "such a commitment falls squarely within the preexisting duty rule." Johnson also argues Sherman failed

–5–

to prove that the covenant not to compete was enforceable and, therefore, Sherman did not "show that it relinquished the right to enforce the covenant." Finally, Johnson argues there was no "extension of an 'employment agreement'" because, in order for this Court to find that Johnson agreed to pay $104,650 in exchange for the extension of the employment agreement, we would have to find that Johnson agreed to pay back the $31,835.30 that Sherman paid her during the extended term of employment plus an additional $72,814.70. Johnson argues the second amendment limits the applicability of the $104,650 to the provisions of the covenant not to compete and does not associate that payment with the extension of the employment agreement.

Sherman agrees that, if the buy-out provision was by itself, it would need separate consideration. However, Sherman points out that, under the second amendment, the term of the employment agreement was extended until the earlier of September 15, 2017 or the date of the closing of the Baylor transaction, and this was not a pre-existing obligation. Moreover, under the terms of the second amendment, Sherman gave up its right to terminate Johnson's employment without cause. Sherman characterizes the second amendment as "analogous to a settlement agreement": rather than disputing the enforceability of the non-compete, the applicability of the non-compete to the work Johnson intended to perform for Baylor, or the buy-out price after the termination of the employment agreement,

Johnson and Sherman agreed that Johnson would exercise the buy-out option and pay a buy-out price of $104,650.

The record shows Johnson had already signed her contract with Baylor "a couple of weeks" before the second amendment. The second amendment eliminated Sherman's right to terminate Johnson's employment without cause and effectively extended Johnson's employment until the date of the closing of the Baylor transaction. At trial, Johnson agreed that the second amendment constituted written notice of her exercise of the buyout provision under section 8.3.2 of her employment agreement. Johnson testified she understood the buy-out provision required her to give written notice and pay the buy-out price within five days of giving notice, but the second amendment provided her "approximately or close to 90 days of time to pay the buyout." Under these circumstances, we conclude the trial court properly determined that the second amendment was supported by consideration. *See Hathaway*, 711 S.W.2d at 228; *Dupree*, 472 S.W.3d at 367–68. We overrule Johnson's second issue.

In her third issue, Johnson argues that Sherman failed to prove the elements of offer and acceptance and therefore did not prove the existence of a contract that obligated Johnson to pay $104,650. Specifically, Johnson argues the employment agreement "unambiguously calls for a unilateral contract," the second amendment "merely modified the underlying contract," and there was no "meeting of the minds" between all parties on the terms of the modification.

To prove contract formation, a party must prove, among other elements, an offer and acceptance and a meeting of the minds on all essential elements. *Lanier v. E. Foundations, Inc.*, 401 S.W.3d 445, 459 (Tex. App.—Dallas 2013, no pet.). For there to be an offer which may ripen into a contract by simple acceptance, the offer must be reasonably definite in its terms and must sufficiently cover the essentials of the proposed transaction so that, with an expression of assent, there will be a complete and definite agreement on all essential details. *Id.* The term "meeting of the minds" refers to the parties' mutual understanding and assent to the expression of their agreement. *Id.* To create an enforceable contract, the minds of the parties must meet with respect to the subject matter of the agreement and all its essential terms. *Id.* The parties must agree to the same thing, in the same sense, at the same time. *Id.*

Here, Johnson testified she signed the second amendment and read and understood it before she signed it. As already discussed, Johnson had already signed a contract with Baylor when she signed the second amendment, and the second amendment deferred payment of the buy-out price until the deal with Baylor closed. Further, we have already determined the second amendment was supported by consideration. Based on our review of the record, we conclude Sherman established the elements of offer and acceptance. *See id.* We overrule Johnson's third issue.

In her fourth issue, Johnson argues she has been harmed by the trial court's failure to file findings of fact and conclusions of law. When properly requested, the

trial court has a mandatory duty to file findings of fact. TEX. R. CIV. P. 296, 297; *Landerman v. State Bar of Texas*, 247 S.W.3d 426, 430–31 (Tex. App.—Dallas 2008). The purpose of rule 296 is to give a party the right to findings of fact and conclusions of law following a conventional bench trial on the merits. *Willms v. Ams. Tire Co.*, 190 S.W.3d 796, 801 (Tex. App.—Dallas 2006, pet. denied). If the trial court fails to file findings of fact and conclusions of law after a proper request, the failure is presumed harmful unless the record affirmatively shows the complaining party suffered no injury. *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex.1989); *Willms*, 190 S.W.3d at 801.

Generally, an appellant is presumed harmed if, under the circumstances of the case, he has to guess at the reason the trial court ruled against him. *Willms*, 190 S.W.3d at 801–02. However, "fact findings are not necessary when the matters in question are not disputed." *Barker v. Eckman*, 213 S.W.3d 306, 310 (Tex. 2006). Accordingly, "where the facts are undisputed and the only matters presented on appeal are legal issues to be reviewed de novo, the failure to file findings of fact and conclusions of law is harmless error." *Rollins v. Am. Exp. Travel Related Servs. Co.*, 219 S.W.3d 1, 5–6 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Here, Sherman alleged only a cause of action for breach of contract, and the trial court's judgment awarded Sherman $104,650 on its claim of breach of contract. The judgment also indicated it ruled against Johnson because she "failed to introduce any evidence or sufficient evidence supporting the required elements of her

affirmative defenses." Under these circumstances, we conclude Johnson was not left to guess at the reason the trial court ruled against her, and she was not harmed by the failure of the trial court to file findings of fact and conclusions of law. See *Eckman*, 213 S.W.3d at 310; *Willms*, 190 S.W.3d at 801–02. We overrule Johnson's fourth issue.

In her fifth issue, Johnson argues the trial court should not have rendered judgment against her for appellate attorney's fees. The reasons Johnson gives for error in the award of attorney's fees all depend on her success on appeal in showing: 1. this case comes within the purview of the Covenants Not to Compete Act, which preempts an award of attorney's fees, and 2. there is no valid contract to support the award. Because we have determined this case does not involve a covenant not to compete, and that a valid contract existed between the parties, we conclude Johnson's fifth issue presents no basis for reversing the award of attorney's fees. Accordingly, we overrule Johnson's fifth issue.

We affirm the trial court's judgment.

/John G. Browning/
JOHN G. BROWNING
JUSTICE

191150F.P05

–10–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ANNELLE R. JOHNSON, M.D.,
Appellant

No. 05-19-01150-CV      V.

SHERMAN MD PROVIDER, INC.,
Appellee

On Appeal from the 59th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. CV-17-1541.
Opinion delivered by Justice
Browning. Chief Justice Burns and
Justice Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SHERMAN MD PROVIDER, INC. recover its costs of this appeal from appellant ANNELLE R. JOHNSON, M.D..

Judgment entered December 30, 2020.