**Affirmed and Memorandum Opinion filed August 23, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00082-CV

**PRECISION DIRECTIONAL SERVICES, INC., Appellant**

**V.**

**CHRIS  FERRON, Appellee**

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2020-25247**

## MEMORANDUM  OPINION

Appellee Chris Ferron was allegedly injured while working for appellant Precision Directional Services, Inc. as part of a drilling crew on an oil rig. Appellee filed suit against appellant seeking relief for his alleged injuries. Appellant moved to compel the matter to arbitration.  The trial court denied appellant's motion.  In one issue, appellant argues the trial court abused its discretion in denying the motion to compel arbitration.  We affirm.

## MOTION TO COMPEL ARBITRATION

Appellant argues that the trial court abused its discretion in denying its motion to compel arbitration because appellee executed an agreement containing an arbitration provision with a separate company and appellant was a third-party beneficiary of the arbitration provision in that agreement. Appellant argues that it proved that a valid arbitration agreement exists and it is entitled to compel arbitration.

### A.    General Legal Principles

A party seeking to compel arbitration bears the burden to establish that an arbitration agreement exists and that the claims presented fall within its scope. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018); *Nationwide Coin & Bullion Resrv., Inc. v. Thomas*, 625 S.W.3d 498, 503 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). If this burden is met, then the burden shifts to the party opposing arbitration to prove an affirmative defense to the provision's enforcement to avoid arbitration. *See Henry*, 625 S.W.3d at 115. "If there is conflicting evidence as to the material facts necessary to determine the issues, the trial court is to conduct an evidentiary hearing to resolve the dispute." *Thomas*, 625 S.W.3d at 503.

"Whether a non-signatory can compel arbitration pursuant to an arbitration clause questions the existence of the arbitration clause between specific parties and is . . . a gateway matter for the court to decide." *In re Rubiola*, 334 S.W.3d 220, 224 (Tex. 2011). "Under the FAA, ordinary principles of state contract law determine whether there is a valid agreement to arbitrate." *Id.* The question of who is bound by an arbitration agreement is a function of the intent of the parties as expressed in the agreement. *Id.* Where an agreement "expressly provides that

certain non-signatories are considered parties," then such parties may compel arbitration. *Id*. at 225.

When a motion to compel arbitration is denied, we apply an abuse-of-discretion standard. *Thomas*, 625 S.W.3d at 503. We defer to the trial court's factual determinations if they are supported by the evidence and review the legal determinations de novo. *Id.* Whether a valid arbitration agreement exists is a legal question. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006).

## B. Background

In July 2018, appellee executed an "independent professional agreement" (Agreement) with RigUp., Inc.[1] RigUp has an online service where it connects workers with companies in the oil and gas industry. Appellee likens the platform to an "online job board." Appellant uses RigUp to hire independent contractors for various jobs it has available.

In August 2019, RigUp updated its "terms" to "make it clearer that its customers, like [appellant], are intended beneficiaries of the arbitration provision contained in Section 24 of the Terms." The August 2019 Terms provided that continuing use of RigUp's service after the effective date of the new terms was an agreement to be bound by such terms. The August 2019 Terms were posted on RigUp's website.[2]

Sometime after August 7, 2019,[3] appellee applied for and accepted a job from appellant. While on this job for appellant, appellee was allegedly injured.

---

[1] The Agreement was subject to the terms on RigUp's website at the time the Agreement was executed.

[2] The August 2019 Terms were "last revised" on August 7, 2019. There is no indication in the record of when the terms were posted on RigUp's website.

[3] It is not clear from the record when appellee applied for and accepted work from appellant, no date is provided by either of the parties. Appellant asserts that it was after August 7,

3

Appellee filed a lawsuit against appellant, but not RigUp, to recover damages for his personal injuries. Appellant moved to compel arbitration pursuant to the Agreement.

Attached to its motion to compel arbitration was the Agreement, the August 2019 Terms, and a declaration from Olivia Howe, the head of Legal and government relations at RigUp. The Agreement was the version executed by appellee; however, appellant did not provide the terms as they existed when appellee executed the Agreement. The Agreement indicated that appellee had "read, understood, and agreed to" the "RigUp Terms of Service located at [web address listed] ('Terms')" and that such terms were "incorporated into this Agreement by reference." Paragraph fourteen of the Agreement, entitled "Dispute Resolution," provides, "You acknowledge and agree that the terms of this Agreement are subject to Section 24 of the Terms." The Agreement does not otherwise provide or detail any terms or agreement to arbitration.

In her declaration, Howe attested that "Section 3 of the Terms have not been revised since at least February 12, 2016" and was in place when appellee signed the Agreement. Section three of the August 2019 Terms provides that:

> **3. Changes to these Terms.** We may revise these Terms at any time to take account of changes in the law, or for any other reason. If we update these Terms, we will post a new version on the Website. If a change materially impacts your rights or obligations, we will use commercially reasonable efforts to give you at least 30 days' notice of the upcoming changes via email or on the Service before the change takes effect. Immaterial modifications are effective upon publication. As soon as you use the Service after the updated version of these Terms is posted and effective, you will be deemed to have agreed to the updated version. Your continued use of the Service after a change

2019. Appellee does not dispute this.

4

to these Terms constitutes your binding acceptance of the updated version.

Howe further attested that the "prior versions of the Terms provided that disputes relating to work performed under the [Agreement] would be resolved by binding arbitration," however the terms that were in effect when appellee signed the Agreement were not provided to the trial court. In the August 2019 Terms, section twenty-four contains the arbitration provisions. In pertinent part, it provides:

> a. Generally. In the interest of resolving disputes between you and RigUp, or you and RigUp's customers . . . you and RigUp agree that every dispute arising in connection with these Terms will be resolved by binding arbitration. . . . This agreement to arbitrate disputes includes all claims arising out of or relating to any aspect of these Terms, whether based in contract, tort, statute, fraud, misrepresentation, or any other legal theory, and regardless of whether a claim arises during or after the termination of these Terms. YOU UNDERSTAND AND AGREE THAT, BY ENTERING INTO THESE TERMS, YOU AND RIGUP ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN A CLASS ACTION.

Howe attested that "prior versions of the Terms provided that disputes relating to work performed under the [Agreement] would be resolved by binding arbitration" but did not attest as to the prior terms and did not provide them.

Appellee filed a response, attaching as exhibits the Agreement, the August 2019 Terms, and the affidavit of his counsel requesting a continuance. No additional evidence was offered by appellee.

The trial court rendered an order denying appellant's motion without making any fact findings or indicating the reason for the denial.

## C.    Analysis

Appellant argues that appellee is bound to the August 2019 Terms because he agreed to be bound to any changes in the terms in the Agreement and by his

5

continued use of RigUp's service after the August 2019 Terms went into effect. Because the August 2019 Terms provide for the arbitration of "disputes between [appellee] and . . . RigUp's customers . . . every dispute arising in connection with these Terms will be resolved by binding arbitration," appellant argues it has shown that arbitration should be compelled. Appellee argues that he was not provided any notice of the August 2019 Terms pursuant to the Agreement, so he cannot be bound to the arbitration provision therein due to a lack of mutual assent. Appellee argues that because he is not bound by the August 2019 Terms due to the lack of notice and appellant has not provided the original terms (or at least terms that appellee agreed to), appellant has failed to prove that a valid arbitration agreement exists between the parties.

Howe attested that RigUp modified their terms to include appellant "more clearly" in the arbitration provision. *See Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 228 (Tex. 1986) ("Parties have the power to modify their contracts."). It is through this modification that appellant seeks to compel arbitration. The burden of proving modification is on appellant in this case, as the party asserting a modification. *See id.* However, "modification must satisfy the elements of a contract: a meeting of the minds supported by consideration." *Id.* Appellee argues that there was no meeting of the minds because he was never provided notice of the change in terms. As the party asserting modification, appellant must also prove that appellee agreed to the modification. *See id.*; *see also In re Halliburton, Co.*, 80 S.W.3d 566, 568 (Tex. 2002) ("[T]he party asserting a change to an at-will employment contract must prove two things: (1) notice of the change, and (2) acceptance of the change."). Whether a contract is modified depends on the parties' intention and is a question of fact. *Hathaway*, 711 S.W.2d at 228–29.

Appellant argues that because appellee agreed that RigUp could change the terms at any time and because appellee continued to use RigUp's service after the changes in August 2019, appellee has accepted the August 2019 Terms. However, in all of appellant's cited cases concluding that acceptance of modified contractual terms was shown through the actions of a party (such as continued use, acceptance of benefits, or continued employment), each of the parties had "undisputed" notice of the modification. *See In re Halliburton*, 80 S.W.3d at 568–69 ("Here, it is undisputed that Halliburton notified Myers of the proposed changes [to the contract]. . . . After receiving this notice, Myers continued to work for Halliburton after [the effective date of the changes], thus accepting the changes as a matter of law."); *Koontz v. Citibank (S. Dakota), N.A.*, No. 01-08-00495-CV, 2010 WL 2545583, at *3 (Tex. App.—Houston [1st Dist.] June 24, 2010, no pet.) (mem. op.) ("[I]t is undisputed that after receiving the Notice of Change in Terms and the accompanying arbitration agreement, Koontz continued to use the card and did not 'opt out' of the arbitration agreement. Koontz's continued use of the card after receiving the arbitration agreement established her assent to its terms."). Without notice, a different result is compelled. *See Hathaway*, 711 S.W.2d at 229 (concluding modification not proven where notice not shown); *Price Pfister, Inc. v. Moore & Kimmey, Inc.*, 48 S.W.3d 341, 350 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (same).

Appellant's argument further ignores the contract's requirement to provide notice of changes to appellee. *See Seagull Energy E&P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006) ("[W]e examine and consider the entire writing in an effort to harmonize and give effect to *all the provisions* of the contract so that none will be rendered meaningless."). Section three of the terms indicates that:

> If we update these Terms, we will post a new version on the Website.
> If a change materially impacts your rights or obligations, we will use

7

> commercially reasonable efforts to give you at least 30 days' notice of the upcoming changes via email or on the Service before the change takes effect. Immaterial modifications are effective upon publication.

Appellant provided no evidence that RigUp gave notice to appellee by email or on the "Service"[4] before the change took effect, let alone thirty days before the change took effect. Thus, appellant has not shown that the notice provision for a change that "materially impacts" appellee's rights was provided. Instead, Howe attested in her affidavit that "when the Terms are revised, RigUp posts a new version of the Terms on its website." There is no indication of when the August 2019 Terms were posted on RigUp's website. Even assuming RigUp posted the August 2019 Terms on its website on or before August 7, 2019, appellant has not shown that the changes in the terms were immaterial and, thus, notice was effective under section three of the terms.

Without the benefit of the prior terms and with no indication, evidence, or argument from appellant whether the changes to the terms were material or immaterial, we cannot determine whether the notice provided through the website was effective under the parties' agreement. Notice of a change in terms and acceptance is required to prove assent to the modification of the parties' agreement. *See In re Halliburton, Co.*, 80 S.W.3d 569–70 (rejecting contention that arbitration agreement was illusory because, among other things, it required ten days' notice of any modification or termination and stated that any such amendment would apply prospectively only); *see also J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229–230 (Tex. 2003) (noting that most courts have considered and concluded that a contract is illusory if it provides an "unrestricted right to terminate the arbitration agreement"); *see also In re C & H News Co.*, 133

---

[4] "Service" is defined in the August 2019 Terms, but it is unknown whether this definition also remains unchanged from the previously effective terms.

S.W.3d 642, 646–47 (Tex. App.—Corpus Christi—Edinburgh 2003, no pet.) (employer's right to change, modify, delete, or amend arbitration agreement "with or without prior notification" made the arbitration agreement illusory).

Thus, it was appellant's burden to show that the notice RigUp provided through the website was effective because the change made to the terms was immaterial. Conversely, if the change was material, it was appellant's burden to show that RigUp provided notice in accordance with section three of the terms. Without the prior terms, we have no way of evaluating the materiality issue based on the record before us, because appellant provided no evidence. As a result, appellant failed to establish the existence of the August 2019 Terms and, therefore, the arbitration agreement.[5] *See Hathaway*, 711 S.W.2d at 229 (concluding modification not proven where notice not shown).

Because appellant failed to prove that it provided the appropriate notice to appellee of the change in the terms, appellant has failed to show that appellee assented to the modification when he continued to use the service. Failure to demonstrate notice disposes of any claim that a party ratified the agreement by continued use. *See Big Bass Towing Co. v. Akin*, 409 S.W.3d 835, 842 (Tex. App.—Dallas 2013, no pet.) ("[N]othing in the record to show . . . any knowledge of the arbitration agreement when he accepted benefits under the . . . plan. [The appellant] therefore failed to show that [the appellee] ratified the arbitration agreement by accepting [other] benefits of the plan."); *Barrand, Inc. v. Whataburger, Inc.*, 214 S.W.3d 122, 146 (Tex. App.—Corpus Christi–Edinburgh 2006, pet. denied) ("[I]f a party by its conduct recognizes a contract as valid, having knowledge of all relevant facts, it ratifies the contract."). Having failed to

---

[5] Appellant further did not provide the prior terms and makes no argument that arbitration should be compelled under the prior terms.

prove the existence of the August 2019 Terms, appellant has not shown that the trial court abused its discretion in denying appellant's motion to compel arbitration. We overrule appellant's sole issue.[6]

## CONCLUSION

Because appellant failed to meet its burden to show that an arbitration agreement exists, it has not shown that the trial court abused its discretion in denying the motion to compel arbitration. We affirm the trial court's order denying appellant's motion to compel arbitration.

/s/    Ken Wise
Justice

Panel consists of Justices Wise, Poissant, and Wilson.

---

[6] Appellant presented its sole issue through three "sub-issues." The first sub-issue we have resolved above against appellant. The other sub-issues regard appellant's status as a third-party beneficiary. Because we resolved the first sub-issue against appellant, we do not reach the other sub-issues because they are not necessary to the disposition of this appeal. *See* Tex. R. App. P. 47.1.