

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| NOEL LIFE, | § | No. 08-23-00055-CV |
| Appellant, | § | Appeal from the |
| v. | § | 41st Judicial District Court |
| GINO MORENA ENTERPRISES, LLC, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2021DCV4281) |

## MEMORANDUM OPINION

Appellant, Noel Life, pro se, appeals the trial court's order granting Appellee, Gino Morena Enterprises, LLC's (GME) Rule 91a motion to dismiss. Because a Rule 91a dismissal must be based only on a plaintiff's pleading and we conclude Life has pled sufficient facts to support her claims against GME under the fair-notice standard, we reverse and remand.

## BACKGROUND

On December 15, 2021, Life filed this suit, pro se, against GME in state court. We construe Life's original motion for unpaid wages damages claim to be her original petition. In her petition, Life alleged GME violated Texas, California, and federal law. According to her petition, "Defendant Gino Morena Enterprises willfully engaged in predatory financial exploitation and retaliatory actions for ongoing notices of non-compliance. The law provides a private right of action (i.e., the right to bring a civil lawsuit) to recover stolen tips, and liquidated damages (i.e.

equal to the amount)." Life's petition raised Texas state law claims for theft of services and breach of contract.

As to the theft of services claim, Life alleged:

Under the Wage Theft Bill

(a) Defendant commits theft of service if, with intent to avoid payment for service that Defendant knows is provided only for compensation:

.    .    .

(4) the actor, Defendant Gino Morena Enterprises LLC, intentionally or knowingly secures the performance of the service by agreeing to provide compensation and, after the service is rendered, fails to make <u>full</u> payment after receiving notice demanding payment

(d-1) For purposes of Subsection (a)(4):

(1) if the compensation is or was to be paid on a periodic basis, the intent to avoid payment for a service may be formed at the time during or before a pay period; and

(2) the partial payment of wages alone is not sufficient evidence to negate the actor's, Defendant Gino Morena Enterprises, intent to avoid payment for a service(s)

.    .    .

Section 3. This Wage Theft Bill, Act takes effect September 1, 2011. Therefore laws were in effect to protect Plaintiff and services performed to which Plaintiff is rightfully entitled to for both commissions, tips and benefits while employed by Defendant.

Further, Life alleged she "notified Gino Morena Enterprises of grievances, and Defendant ignored." Finally, Life also alleged she "sent a payment demand letter to Defendant and his counsel, which have failed to pay the back wages earned according to state and federal laws."

As to her breach of contract claim, Life alleged "Plaintiff had an agreement with Defendant for a commission of 65% plus 3% plus override of .5% as General Manager. Defendant Gino Morena Enterprises LLC breeched agreement; failed to notify in advance of any changes, as required."

Finally, Life alleged damages as follows:

2

Plaintiff, Noel Life, hereby seeks restitution and recovery payment for the 13% tips earned and paid by clients, illegally kept by Defendant. Plaintiff contends that Defendant breached original contract agreement and breached federal wage laws and breached Internal Revenue Service tax laws with unauthorized deductions from paychecks, missing back wages of unpaid earned commissions earned according to original hire agreement, liquidated damages and pre-judgment and post-judgment interest, and attorney fees paid to date. Plaintiff is seeking Unpaid wages totaling $45,000, liquidated damages of 100%, and all other relief plaintiff is entitled to prejudgment and post judgment interest.

GME removed the case to federal court. In October 2022, the federal court dismissed Life's federal claims and declined to continue exercising supplemental jurisdiction over Life's remaining state law claims. The case was remanded back to state court.

On remand, GME filed an answer and a Rule 91a motion to dismiss Life's claims. In the Rule 91a motion to dismiss, GME argued the theft of services claim should be dismissed because it was inadequately pled, time barred, and preempted. Further, GME argued the breach of contract claim should also be dismissed because Life was an at-will employee, GME did not breach a contract, the claim was inadequately pled, and federal preemption. After hearing argument, the trial court granted GME's Rule 91a motion to dismiss with prejudice and ordered Life pay reasonable and necessary attorney's fees and costs. This appeal followed.

## DISCUSSION

In her brief, Life generally argues the trial court erred when it granted the Rule 91a motion to dismiss and awarded GME attorney's fees. Life specifically argues: GME's filings were false, the statute of limitations had not expired, and her claims were appropriately pled and had a legal basis. She further raised several allegations and complaints related to the federal court's judgment and actions.

As an initial matter, this Court does not have jurisdiction to review federal judgments. 28 U.S.C.A. § 1291; *Walker v. Correct Care Sols.*, No. 10-21-00357-CV, 2022 WL 51542, at *1

3

(Tex. App.—Waco Jan. 5, 2022, no pet.) (mem. op.). Therefore, we overrule Life's issues to the extent they assign error to the federal court's judgment.

## STANDARD OF REVIEW AND APPLICABLE LAW

While we must "seek the substance of a pro se complaint by reviewing pro se applications with liberality and patience," pro se litigants must still comply with all applicable legal and procedural rules. *Johnson v. McAdams*, 781 S.W.2d 451, 452 (Tex. App.—Houston [1st Dist.] 1989, no writ); *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.). We may not make allowances because a pro se litigant is not an attorney. *Jonson v. Duong*, 642 S.W.3d 189, 193 (Tex. App.—El Paso 2021, no pet.). As the Texas Supreme Court has noted "[h]aving two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel." *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).

Rule 91a allows a party to "move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91 a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id*. The merits of a Rule 91a motion to dismiss are reviewed de novo because "whether a defendant is entitled to dismissal under the facts alleged is a legal question." *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding); *see City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) ("because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review."); *Aguilar v. Morales*, 545 S.W.3d 670, 676–77 (Tex. App.—El Paso 2017, pet. denied) ("we conclude that both determinations of whether a cause of action has any basis in law and in fact are legal questions subject to de novo review").

4

In conducting that review, we apply the Texas fair notice pleading standard, under which a petition is sufficient "if it gives fair and adequate notice of the facts upon which the pleader bases his claim." *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982); *Thomas v. 462 Thomas Family Properties, LP*, 559 S.W.3d 634, 639 (Tex. App.—Dallas 2018, pet. denied); *Aguilar*, 545 S.W.3d at 677. In other words, we must "assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007).

In conducting our review, we must construe the pleadings liberally in the plaintiff's favor, look to the pleader's intent and accept as true the pleading's factual allegations. *In re Facebook, Inc.*, 625 S.W.3d 80, 83 (Tex. 2021), cert. denied sub nom. *Doe v. Facebook, Inc.*, 212 L. Ed. 2d 244, 142 S. Ct. 1087 (2022) (orig. proceeding); *Stonewater Roofing, Ltd. Co. v. Tex. Dep't of Ins.*, 641 S.W.3d 794, 799 (Tex. App.—Amarillo 2022, pet. filed), reh'g denied (Apr. 21, 2022); *In re Odebrecht Constr., Inc.*, 548 S.W.3d 739, 746 (Tex. App.—Corpus Christi 2018, no pet.); *In re RNDC Tex., LLC*, No. 05-18-00555-CV, 2018 WL 2773262, at *1 (Tex. App.—Dallas June 11, 2018, no pet.) (mem. op.). When ruling on a Rule 91a motion, a court "may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *In re Farmers Texas County Mutual Insurance Company*, 621 S.W.3d at 266 (quoting TEX. R. CIV. P. 91a.1). If there are sufficient facts within a petition to give fair notice of the claim, then a motion seeking dismissal arguing lack of a basis in fact should be denied. *In re RNDC Texas, LLC*, 2018 WL 2773262, at *1. Further, if the pleading itself does not trigger a clear legal bar to the claim, then there is a basis in law and the motion to dismiss should be denied. *In re RNDC Texas, LLC*, 2018 WL 2773262, at *1; *see In re Shire PLC*, 633 S.W.3d 1, 23 (Tex. App.—Texarkana 2021, no pet.) (stating that "to be entitled to dismissal under Rule 91a,

a movant must establish that recovery is foreclosed, i.e., that it is legally impossible on the face of the pleadings for the plaintiff to recover on those claims").

## ANALYSIS

After the remand to state court, Life's remaining claims are for theft of services and breach of contract. In their motion to dismiss, GME raised an individual basis for dismissal of each claim. Although there is some overlap in GME's motion, we analyze each of Life's claims and GME's basis for dismissal.

## THEFT OF SERVICES CLAIM

GME's Rule 91a motion to dismiss raised the following arguments regarding Life's theft of services claim: inadequately pled; time barred as a matter of law; preempted by federal law, and entitlement to attorney's fees and costs under Texas Theft Liability Act.

### A. Inadequate pleading

GME's dismissal motion argues Life's petition was inadequate because she failed "to plead *any* facts supporting it." (emphasis in original). Under the Texas Theft Liability Act, a person who commits theft of services is civilly liable for the resulting damages. TEX. CIV. PRAC. & REM. CODE ANN. §§ 134.002(2); 134.003(a). The elements of a theft of services claim are "(1) a person, (2) with intent to avoid payment for service he knows to be provided only for compensation, (3) secures the performance of the service by agreeing to provide compensation, and (4) after the service is rendered fails to make full payment, (5) after receiving a notice demanding payment." *Najera v. State*, No. 08-15-00315-CR, 2018 WL 3628215, at *3 (Tex. App.—El Paso July 27, 2018, no pet.); TEX. PENAL CODE ANN. § 31.04(a)(4); TEX. CIV. PRAC. & REM. CODE ANN. §§ 134.002(2); 134.003(a).

In her original pleading, Life alleged "Defendant Gino Morena Enterprises LLC, intentionally or knowingly secures the performance of the service by agreeing to provide

compensation and, after the service is rendered, fails to make <u>full</u> payment after receiving notice demanding payment." (emphasis in the original). She further alleged "[t]herefore, laws were in effect to protect Plaintiff and services performed to which Plaintiff is rightfully entitled to for both commissions, tips and benefits while employed by Defendant." Finally, she alleged she "sent a payment demand letter to Defendant and his counsel, which have failed to pay the back wages earned according to state and federal laws."

Considering Life's petition in its entirety, she also alleged the following: "Defendant Gino Morena Enterprises willfully engaged in predatory financial exploitation and retaliatory actions for ongoing notices of non-compliance;" "Plaintiff, Noel Life, is filing an unpaid wages claim, unpaid tips and benefit commissions for services performed; unused vacation benefits which Defendant Gino Morena Enterprises LLC willfully violated the . . . Texas Wage Theft Bill;" "Plaintiff had an agreement with Defendant for a commission of 65% plus 3% plus override of .5% as General Manager. Defendant Gino Morena Enterprises LLC breached agreement; failed to notify in advance of any changes, as required." *See Gardner v. Majors*, No. 10-21-00306-CV, 2023 WL 3097749, at *7 (Tex. App.—Waco Apr. 26, 2023, no pet. h.) ( mem. op.) (considering facts alleged in a separate claim contained in the petition when concluding the plaintiff had pleaded sufficient facts to defeat a Rule 91a motion to dismiss as to both claims).

Under the theft of services statute, notice must be in writing and sent by either registered or certified mail with return receipt requested or a commercial delivery service and be sent to the actor's mailing address as shown on the original agreement. TEX. PENAL CODE ANN. § 31.04(c); *see Najera*, 2018 WL 3628215, at *4 (concluding that the evidence presented must comply with the method of delivery described in § 31.04(c)). The manner of notice prescribed in the statute is one of the necessary elements to this claim. *Lyon v. State*, No. 02-17-00195-CR, 2018 WL 6816209, at *5 (Tex. App.—Fort Worth Dec. 27, 2018, pet. ref'd) (mem. op).

Regarding notice, Life's pleadings state the following: "Plaintiff sent a payment demand letter to Defendant and his counsel, which have failed to pay the back wages earned according to state and federal laws;" "I notified Gino Morena Enterprises of grievances, and Defendant ignored." Under the Rule 91a standard, we "look to the pleader's intendment and the pleading will be uphold the pleading even if some element of a cause of action has not been specifically alleged. Every fact will be supplied that can be reasonably inferred from what is specifically stated" *Roark*, 633 S.W.2d at 810 (quoting *Gulf, C. & S.F. Ry. Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex. 1963)). Accordingly, although Life did not specifically allege notice was sent according to the statutory methods of delivery, such methods can be reasonably inferred from the notice allegations that are present within her petition. Such an inference is appropriate at this stage because of the Rule 91a standard and the current posture of the case.

Therefore, we accept as true Life's allegations in her pleading and the reasonable inferences there from and find she adequately pled that GME, with intent to avoid payment for service they knew to be provided only for compensation, secured the performance of services by agreeing to provide compensation and, after the service was rendered, failed to make full payment after receiving a notice demanding payment. For these reason, inadequate pleading is not a basis on which the motion to dismiss should have been granted.

### B. Time barred

GME's motion to dismiss argued Life's theft of services claim was time barred as a matter of law. While a Rule 91a dismissal may be based on an affirmative defense, such a dismissal is not appropriate when the defense is not "conclusively established by the facts in a plaintiff's petition." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020). In their motion, GME refers to exhibits attached to their answer. We do not consider those exhibits because under Rule 91a, a court "may not consider evidence in ruling on the motion

and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6. Consistent with *Bethel*, a Rule 91a dismissal must be based on the plaintiff's petition not the defendant's answer or exhibits. *Bethel*, 595 S.W.3d at 656.

Life's petition does not raise any issue pertaining to the statute of limitations. She does not allege the dates upon which the theft of services claim occurred and, due to the strict nature of Rule 91a, we cannot consider facts not in her petition. *See Davis v. Homeowners of Am. Ins. Co.*, No. 05-21-00092-CV, 2023 WL 3735115 (Tex. App.—Dallas May 31, 2023, no pet. h.) ("[V]iewing the [plaintiffs'] pleading against [the defendant's] unpleaded-but-moved-upon affirmative defense of limitations, we conclude that because nothing within the [plaintiffs'] pleading itself triggers a clear legal bar to their claims, the claims cannot be said to lack a basis in law, and the trial court erred in granting the rule 91a motion on this basis."). For these reasons, we determine Life's claim did not trigger a clear legal bar based on limitations. Therefore, limitations is not a basis on which the motion to dismiss should have been granted.

### C. Federal preemption

GME's motion to dismiss argued Life's theft of services claim is preempted by federal law because it is wholly duplicative of her federal claim and "the FLSA provides the exclusive remedy for Life's claims stemming from GME's 'tip credit' practice." Central to GME's argument is the fact that the Federal Court dismissed Life's federal claim as time barred. Under Rule 91a, we do not consider any facts outside of those presented in Life's petition. TEX. R. CIV. P. 91a.6. Therefore, the resolution of the federal claim is not a consideration when analyzing a Rule 91a motion to dismiss. We, however, do consider GME's other preemption arguments below.

A Rule 91a dismissal may be appropriate under federal preemption grounds if "the pleadings, liberally construed according to the pleader's intent, allege facts that trigger federal

preemption." *In re Union Pac. R.R. Co.*, 582 S.W.3d 548, 550–51 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Life makes both federal and state allegations in her petition. Her federal allegations include references to tax evasion and the Fair Labor Standard Act (FLSA). Regarding tax evasion, Life alleged:

> Defendant was disqualified from taken tips, which he did as a method of tax evasion, since he kept the 13% tips and deducted taxes from employees instead of Defendant paying the taxes since he counted it as his own illegal profits. Defendant Gino Morena Enterprises also fraudulently listed the tips as wages paid earned, when he had kept the tips instead of returning the tips back to employees since it was listed as 13% tips earned on employees W-2 and on each paycheck.

Life's FLSA claim is alleged:

> Defendant was also disqualified from any "tip credit" due to 29 U.S.C. 203 (m)(2)(A) which states employees retain all their tips and since Defendant did not pay minimum wage because all employees earned above minimum wage and were paid commissions on services performed, therefore fraudulent "tip credit" was void and also illegal and tip regulations were in effect as verified in the Executive Summary of the FederalRegister.gov.

In contrast, Life's allegations related to her theft of services claim are broader than the tip credit. According to her allegations, she "is rightfully entitled to for both commissions, tips and benefits while employed by Defendant." She alleged "Defendant Gino Morena Enterprises LLC, intentionally or knowingly secures the performance of the services by agreeing to provide compensation and, after the service is rendered, fails to make full payment after receiving notice demanding payment."

Construing the pleading liberally and in Life's favor, the claims are not, as GME argues, wholly duplicative of her federal claim. Life's theft of services claim involves both tips and commissions whereas the FLSA and tax evasion allegations focus on tips specifically. Further, while GME argued the FLSA provides the exclusive remedy for complaints regarding their tip-credit practice, Life's state theft of services claim is broader than the tip credit. Accordingly, we need not reach whether the FLSA is in fact the exclusive remedy.

Therefore, federal preemption is not a basis on which the Rule 91a motion should have been granted. Accordingly, we find the trial court erred in granting the Rule 91a motion to dismiss as to the theft of services claim on any of the bases raised by GME. Because we determine Life's theft of services claim was improperly dismissed, we need not determine whether GME was entitled to attorney's fees under the Texas Theft Liability Act. We sustain Life's issues as they relate to her theft of services claim and do not reach the issue regarding attorney's fees.

## BREACH OF CONTRACT CLAIM

GME's Rule 91a motion to dismiss raised the following arguments regarding Life's breach of contract claim: GME could modify the terms of Life's at-will employment at any time; even if a contract existed, GME did not breach it; the claim was inadequately pled; and the claim was federally preempted. We consider each argument in turn.

### A. At-will employment

GME's motion argues Life was an at-will employee and, therefore they could modify her employment terms at any time as a condition of her continued employment. While an at-will employer can terminate an employee at will, he may remain contractually liable to the employee. *See Abatement Inc. v. Williams*, 324 S.W.3d 858, 862 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (finding that an at-will agreement does not render the agreement unenforceable); *Hamby Co. v. Palmer*, 631 S.W.2d 589, 591 (Tex. App.—Amarillo 1982, no writ) (finding that a plaintiff was entitled to payment for vacation time consistent with his employment contract upon termination). The terms of an at-will employment contract may be modified as a condition of continued employment. *Hathaway v. Gen. Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986). A modification, however, is only valid if both parties have notice and acceptance of the change. *Id.* "If the employer proves that he has unequivocally notified the employee of the changes, the

employee's continuing employment will constitute acceptance as a matter of law." *Id.* (citing *L. G. Balfour Co. v. Brown*, 110 S.W.2d 104, 107 (Tex. App.—Fort Worth 1937, no writ).

In her petition, Life alleged the following: "Plaintiff had an agreement with defendant for a commission of 65% plus 3% plus override of .5% as General Manager. Defendant Gino Morena Enterprises LLC breached agreement; failed to notify in advance of any changes, as required." Construing Life's pleading's liberally and taking her factual allegations as true, as we must, we find Life appropriately pleaded there was a contract, and she did not have notice of any modification. Even assuming, as GME argues, Life was an at-will employee, she appropriately pled the contract was violated when GME allegedly modified it without notice to her.

Therefore, whether Life was an at-will employee is not a basis on which the Rule 91a motion could have been granted.

### B. Breach

GME's further argued if a contract existed, their use of the tip credit was provided for in the contract and, therefore, not a breach. GME also argues "no reasonable person would believe the facts pleaded." In their argument, GME takes issue with the facts as pled by Life. Under Rule 91a, a court "may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6.

The contract, as alleged in Life's petition, does not include a tip credit. The contract was alleged as "Plaintiff had an agreement with Defendant for a commission of 65% plus 3% plus override of .5% as General Manager." Life alleged this contract was breached when GME modified it without notification. Due to the strict nature of Rule 91a, we cannot consider facts not included in Life's petition and accept her factual allegations as true. Therefore, we determine Life appropriately pled a breach of contract.

Accordingly, because a Rule 91a motion to dismiss is not the appropriate means to argue a factual dispute, we hold this is not a basis on which the dismissal should have been granted.

**D.    Inadequate pleading**

GME argued Life failed to plead her breach of contract claim in the following ways: Life failed to plead she had a valid and enforceable contract; and Life failed to plead GME breached a valid and enforceable contract. The core of GME's argument is that Life's pleadings fail to allege sufficient facts.

The four elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance, or tendered performance, by the plaintiff; (3) breach of contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *Velvet Snout, LLC v. Sharp*, 441 S.W.3d 448, 451 (Tex. App.—El Paso 2014, no pet.). Life's pleading alleged:

> Plaintiff had an agreement with Defendant for a commission of 65% plus 3% plus override of .5% as General Manager. Defendant Gino Morena Enterprises LLC breached the agreement; failed to notify in advance of any changes, as required.

> .    .    .

> Plaintiff, Noel Life, hereby seeks restitution and recovery payment for the 13% tips earned and paid by clients, illegally kept by Defendant. Plaintiff contends that Defendant breeched original contract agreement . . . with unauthorized deductions from paychecks, missing back wages of unpaid earned commissions earned according to original hire agreement, liquidated damages and pre-judgment and post-judgment interest, and attorney fees paid to date.

Construing Life's pleadings liberally and taking them as true, as we must, we find that she pled there was a contract, the terms of the contract, there was a breach through a change without notification. Life further pled she had performed her contract, by earning commissions and tips, and suffered damages from GME's breach. Therefore, this is not a basis on which the Rule 91a dismissal motion could have been granted.

## E. Federal preemption

GME's motion to dismiss argued Life's breach of contract claim is preempted by federal law because it is duplicative of her federal claim, and "the FLSA provides the exclusive remedy for violation of its mandates, including alleged FLSA violations based on tip withholding." Central to GME's argument is the fact that the federal trial court dismissed Life's federal claim as time barred. Again, under Rule 91a, we do not consider any facts outside of those presented in the petition. Therefore, it is improper to use the federal trial court's basis to resolve the federal claim in a consideration of a Rule 91a dismissal. We turn to GME's remaining arguments.

A Rule 91a dismissal may be appropriate under federal preemption grounds if "the pleadings, liberally construed according to the pleader's intent, allege facts that trigger federal preemption." *In re Union Pacific Railroad Company*, 582 S.W.3d at 550–51. As discussed above, Life's federal allegations of tax evasion and FLSA violations focus on the tip credit.-In contrast, Life's allegations related to her breach of contract claim are focused on the employment contract, as Life pleads it. According to her allegations, Life is seeking recovery for "unauthorized deductions from paychecks, missing back wages of unpaid earned commissions earned according to original hire agreement."

Construing the pleading liberally and in Life's favor, we find the claims are not, as GME argues, duplicative of her federal claim. Life's breach of contract claim is centered upon the employment contract and the agreed compensation scheme within, whereas the FLSA and tax evasion allegations focus on the tip credit specifically. Further, because Life's breach of contract claim extends beyond the tip-credit practice, and GME's argument that FLSA is the exclusive remedy in inapplicable. Therefore, we do not reach the issue whether the FLSA is in fact the exclusive remedy for tip practices.

It follows, that federal preemption is not a basis on which the Rule 91a motion could have been granted. Accordingly, we find the trial court erred in granting the Rule 91a motion to dismiss Life's breach of contract claim on any of the bases raised by GME. We sustain Life's issues as they relate to her breach of contract claim.

## CONCLUSION

For the reasons stated above, we conclude the trial court erred in granting GME's Rule 91a motion to dismiss as to Life's state law claims. Therefore, we sustain Life's issues as they relate to her state claims of theft of services and breach of contract claims. We overrule Life's issues as they relate to the federal court's judgment. We reverse the trial court's judgment and remand to the trial court for further proceedings consistent with this opinion.


                                              YVONNE T. RODRIGUEZ, Chief Justice

July 17, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

15